IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALLY W. TARQUINIO<br>524 Saltworks Ct.<br>Annapolis, Maryland 21401<br><br>  Plaintiff<br><br>v.<br><br>JOHNS HOPKINS UNIVERSITY<br>Charles & 34th Street<br>Baltimore Md 21218<br><br>And<br><br>JOHNS HOPKINS UNIVERSITY<br>APPLIED PHYSICS LAB<br>11100 Johns Hopkins Rd.<br>Laurel, Maryland 20723<br><br>  Defendants | CIVIL ACTION NO:  1:23-cv-00727<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff, Sally W. Tarquinio sues the Defendant pursuant to the Americans with Disabilities Act, 42 U.S.C. 12116, et. seq., and for her cause of actions states:

THE PARTIES

1. Plaintiff, Sally Tarquinio (hereinafter "Tarquinio" or Plaintiff) is an adult resident of Anne Arundel County, Maryland, and a citizen of the United States.

1

2. Defendant Johns Hopkins University (hereinafter "JHU" or Defendant JHU) is corporation doing business in Maryland. To information and belief, Defendant Johns Hopkins University Applied Physics Lab (hereinafter "APL" or Defendant APL) is a subsidiary or agent of Johns Hopkins University that conducts research and development on behalf of, and in a contract capacity with, the United States government and the Department of Defense.

## JURSIDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to Title I of the Americans with Disabilities Act as amended from time to time, and 42 USC §12116.

## VENUE

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b). Defendant is a Maryland business located within this jurisdiction. Substantially all events or omissions giving rise to this claim occurred in this jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to brining this suit, Plaintiff caused to be filed with the Baltimore office of the EEOC a timely claim alleging disability discrimination and violations of Americans with Disabilities Act, 42 U.S.C. 12116, et. seq. That claim was reviewed and a Notice of Right to Sue was issued on December 16th, 2022.

## STATEMENT OF FACTS

6.      Between September 2005 and her employment termination on September 7, 2021, the defendant employed plaintiff as an engineer at its Applied Physics Lab ("APL") in Laurel, Maryland and on a program unrelated to the medical field.

7.      Plaintiff in 2012 had been diagnosed with Lyme Disease and since that time was experiencing the effects of the disease and was consistently treating with physicians to mitigate and to manage those effects.

8.      On September 24th, 2021, the Defendant's APL announced a polity that "followed the guidance set by President Biden and the U.S. government's initiative to combat the spread of COVID-19." According to this policy, all APL staff, including Plaintiff, were required to provide proof of at least the first dose of an approved COVID-19 vaccine by October 15, 2021, or alternatively, to submit a request for a medical or religious accommodation to the Defendant's APL Accommodations Coordinator.

9.      In consideration of her treating physician's recommendations specifically relating to her Lyme disease diagnosis and treatment, the Plaintiff submitted on October 1, 2021, a Request for Medical Accommodation seeking an exemption from the APL's vaccination requirement, and due to the continuing effects of Lyme disease on her immune system at that time.  Plaintiff submitted with her requested medical documentation, including a note from her treatment provider, clearly indicating "Lyme Disease [and] Lyme Induced Immune Dysregulation," as well as two medical journal articles provided by her treating physician.

10.     In response, Defendant APL's Accommodations Coordinator demanded that Plaintiff sign a medical records release specifically in order to "follow-up directly with [Plaintiff's] provider to secure further clarification."  Plaintiff did not want the assigned coordinate at the JHU

3

Applied Physics Lab to contact her treating physician, and so she declined to sign the requested medical release.

11.     On November 30th Defendant APL's coordinator determined that "Lyme disease is not a medical contraindication to receiving the COVID-19 vaccine," and denied the Plaintiff's medical request for accommodation.  She was given until December 7, 2021, to get the first dose of one of the then-available COVID-19 vaccines and was also advised that she could submit further evidence prior to December 7th.

12.     Plaintiff subsequently submitted current bloodwork tending to indicate her disability diagnosis. However, the APL coordinator determined that it was not the disability or "underlying diagnosis" that was at issue, but specifically whether or not the disability "is contraindicated for receiving the COVID-19 vaccination." To information and belief, the Applied Physics Lab coordinator is not a medical doctor.

13.     Although Plaintiff had voluntarily been appearing in-person at the JHU APL facility since before and throughout the COVID-19 pandemic while other similarly situated employees were given the option to telecommute or appear remotely, Plaintiff was not offered that opportunity. Plaintiff did recommend and offer during the pendency of her Request for Accommodation to appear remotely like others, and that during those times when she was required to appear in-person that she would routinely receive a polymerase chain reaction (PCR) test.

14.     To information and belief, other positions were available comparable to Plaintiff's skill set that Plaintiff into which she could have been placed and which would have required either no or even more limited in-person attendance at the APL facility.

4

15. On December 7th, 2021, Plaintiff was notified that her employment was terminated for having failed to secure the COVID-19 vaccine.

16. Plaintiff has been unable to secure comparable employment since her termination.

## COUNT ONE

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42 U.S.C. 12116, et. seq.

17. The Plaintiff notified the Defendants in her Request for Accommodation that she suffered from a disability, namely a diagnosis of Lyme Disease that affected her immune system. A disability, for purposes of the Act, includes not only a physical or mental impairment that substantially limits one or more major life activities of an individual, but also simply a record of such an impairment, including but not limited to, functions of the immune system.

18. At that point, the Defendants' sole inquiry under the ADA was not to determine if Plaintiff's disability prevented her from receiving a COVID-19 vaccination, including and especially by requiring her to sign away her rights to privacy so that the Defendants could contact her doctor. Rather, their sole obligation pursuant to the ADA was to determine if they could reasonably accommodate the Plaintiff's documented disability. This it utterly failed to do.

19. The record of facts shows that instead of engaging in an analysis as to whether they could reasonably accommodate the Plaintiff without undue burden, the APL Accommodations Coordinator engaged in research to determine whether "Lyme disease is not a medical

contraindication to receiving the COVID-19 vaccine." By engaging in this superficial analysis, it completely neglected its clear, concise obligations as circumscribed in the ADA. Defendants did not consider telework, remote appearances, modified work scheduling, physical distancing from other employees, mandatory masking, regular PCR testing, daily registering of any signs of illness, etc. Neither did it consider any accommodation by offering the Plaintiff another, vacant position within, or without, of the JHU APL.

20. Instead, the Defendants' misguided route through 42 U.S.C. 12116, et. seq. caused it to completely ignore not only the statute's requirements, but also its limitations, including the prohibition of inquiring into the personal relationship between the Plaintiff and her medical doctor to determine if she could actually get the vaccine safely and without negatively affecting her challenged immune system. Such examinations and inquires are prohibited under 42 U.S.C. 12112, i.e., examinations and inquiries of an employee as to whether such employee is an individual with a disability *or* <u>as to the nature or severity of the disability</u>, unless such examination or inquiry is shown to be job-related and consistent with business.

21. The Defendant violated Plaintiff's rights under the ADA by failing to abide by each and every of its statutory obligations in the course of determining Plaintiff's request for accommodation and exemption from the COVID-19 vaccine.

22. She has suffered loss of income, loss of career, and humiliation by the Defendants' unlawful conduct.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A. Compensatory damages in the amount of $500,000; and

B. Punitive Damages as determined by a jury; and

    C.      Nominal Damages as determined by a jury; and

    D.      Attorney's fees, expert fees and costs pursuant to 42 U.S.C. § 1988; and

    E.      Any other further relief as the Court deems just and appropriate.

*Marc Schifanelli*
S/ Marc D. Schifanelli
Bar No.: 27753
P.O. Box 1023
Stevensville, Maryland 21666
240-882-2402