# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALLY W. TARQUINIO, </br></br>Plaintiff,</br></br>v.</br></br>JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LAB</br></br>Defendant. | Civil Action No. 1:23-CV-00727-RDB |

### DECLARATION OF SHAWN S. MCGRUDER

I, Shawn S. McGruder, declare under penalty of perjury as follows.

1. I am over 18 years of age and otherwise competent to testify to the matters herein which are based on my personal knowledge.

2. I am the Acting Section Supervisor/Principal EEOC/ADA Officer, Legal and Commercialization Branch for Johns Hopkins Applied Physics University Applied Physics Lab ("APL").

3. Since May 2019, I have served as the Accommodations Coordinator for APL's Accommodations Office. I held the title of Accommodations Coordinator for all times relevant to this lawsuit, and I had ultimate authority over the determination to grant or deny an accommodation request from the COVID-19 vaccination requirement.

4. After APL initiated the Vaccination Policy, employees who wished to seek a reasonable accommodation on religious or medical grounds could submit a request for accommodation to the Accommodations Coordinator.

5. Because the Accommodations Coordinator received an unusually large volume of requests within the two weeks after the vaccination policy was announced, the team needed

additional time to evaluate each request for accommodation from the Vaccination Policy on a case-by-case basis and to engage in the interactive process, all staff who submitted timely requests were granted temporary accommodations while their requests were pending.

6. APL had an existing process for evaluating and responding to requests for medical accommodations or disability-based requests prior to the Vaccination Policy's enactment.

7. Specifically, APL engaged in the interactive process, which involved an individualized review of each request to understand the accommodation requested, review of medical documentations from the requestor's health provider, follow-up communications with the requestor's health care provider, and any necessary follow-up, and discussions with the staff member's group supervisor concerning their job duties.

8. As applied to requests for accommodations from the Vaccination Policy, where necessary, the Accommodations Team would also consult with APL's Medical Office concerning medical issues identified in an individual's accommodation request and authoritative medical guidance on related risks of vaccination.

9. Medical questions from the Accommodations Coordinator were directed to Dr. Clarence Lam, the Medical Director for Occupational Health for APL, who regularly conducted professional medical consults directly the requestors' medical providers to clarify medical conditions and risks.

10. On November 22, 2021, as part of the interactive process, Plaintiff met with a member of the Accommodations Team who interviewed Plaintiff to understand her particular request for accommodation. The Accommodations Team reiterated its request for Plaintiff to sign the Medical Release Form and reiterated a need for medical information that shows a medical justification for an accommodation from the Vaccination Policy.

11. APL considered receipt of the Johnson & Johnson vaccine as in compliance with the Vaccination Policy.

12. Multiple APL employees received the Johnson & Johnson vaccine and were deemed compliant with the Vaccination Policy.

13. APL accepted other employees' decision to receive a Johnson & Johnson vaccine instead of an mRNA vaccine as compliant with the Vaccination Policy.

14. APL would have accepted Plaintiff receiving the Johnson & Johnson vaccine and deemed it compliant with the Vaccination Policy.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2024.

Shawn S. McGruder
Digitally signed by Shawn S. McGruder
Date: 2024.01.09 08:35:45 -05'00'

_____

Shawn S. McGruder