# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALLY W. TARQUINIO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNS HOPKINS UNIVERSITY )<br>APPLIED PHYSICS LAB )<br>)<br>Defendant. )<br>) | Civil Action No. 1:23-CV-00727 |

## DEFENDANT JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LAB'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and District of Maryland Local Rule 104, Defendant Johns Hopkins University Applied Physics Lab ("APL" or "Defendant"), by and through its undersigned counsel, hereby provides objections and answers to Plaintiff Sally Tarquinio's ("Tarquinio" or "Plaintiff") First Set of Interrogatories.

## GENERAL OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

APL objects to Plaintiff's Instructions or Definitions to the extent they impose obligations that are different or greater than the obligations prescribed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

1. Identify any persons or entities whom Defendant contends are persons needed for just adjudication within the meaning of Fed. R. Civ. P. 19, but who have not been named by Plaintiff.

**OBJECTION:** None.

**ANSWER:** None.

2.	Identify all persons who are likely to have personal knowledge of any facts alleged in the complaint or in your answer to the complaint and state the subject matter of the personal knowledge possessed by each such person.

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege. APL further objects to this Interrogatory as overbroad because it is an impermissible "blockbuster" interrogatory that seeks the identify of "all persons" with any knowledge of any facts in the pleadings, even those with only minimal knowledge that would have no material bearing on this suit and whose information would be unlikely to be relevant to the claims and defenses in the case. *See United States ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 77 (D.D.C. 2017). APL further objects to this Interrogatory because it seeks confidential information before the entry of an appropriate Protective Order in this case. Accordingly, APL will identify only those individuals who may have direct knowledge of material facts concerning the allegations in the Complaint and any defense asserted thereto.

**ANSWER:**

Ms. Sally Tarquinio – Plaintiff has knowledge of the facts and allegations underpinning her lawsuit, including her request for an accommodation, her reason for requesting an accommodation, and her underlying medical condition.

Ms. Shawn McGruder – Ms. McGruder has knowledge of APL's process for evaluating and responding to requests for reasonable accommodations generally, and Plaintiff's application for a reasonable accommodation specifically. Ms. McGruder may be contacted through undersigned counsel.

Dr. Clarence Lam – Dr. Lam may have knowledge of APL's process for evaluating and responding to requests for reasonable accommodations generally, and Plaintiff's application for a reasonable accommodation specifically. Dr. Lam may be contacted through undersigned counsel.

Ms. Amy Billups – Ms. Billups may have knowledge of APL's process for evaluating and responding to requests for reasonable accommodations generally, and Plaintiff's application for a reasonable accommodation specifically.  Ms. Billups may have knowledge of Plaintiff's general employment with APL. Ms. Billups may be contacted through undersigned counsel.

Ms. Raissa Kirk - Ms. Kirk may have knowledge of APL's process for evaluating and responding to requests for reasonable accommodations generally, and Plaintiff's application for a reasonable accommodation specifically.  Ms. Kirk may be contacted through undersigned counsel.

Dr. Mark Sivieri – Upon information and belief, Dr. Sivieri has knowledge relating to Plaintiff's alleged medical condition.

Dr. Marc Schwartz – Upon information and belief, Dr. Schwartz has knowledge relating to Plaintiff's alleged medical condition.

Mr. Greg Leger – Mr. Leger may have knowledge of Plaintiff's general employment with APL.  Mr. Leger may be contacted through undersigned counsel.

Dr. Dan Anna – Dr. Anna may have knowledge of APL's health and safety policies and protocols in responding to the COVID-19 pandemic, APL's process for evaluating and responding to requests for reasonable accommodations generally, and Plaintiff's application for a reasonable accommodation specifically.  Dr. Anna may be contacted through undersigned counsel.

3. For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

3

**OBJECTION:** APL objects to this Interrogatory as premature. The Scheduling Order in this case, ECF No. 9, requires APL to make Rule 26(a)(2) disclosures on July 26, 2023. APL further objects to the Interrogatory because it seeks information and disclosures that exceed the requirements of Rule 26(a)(2). APL will provide the disclosures required pursuant to Rule 26(a)(2) within the timeframe designated in the Scheduling Order.

**ANSWER:** APL stands on its objections.

4. For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

**OBJECTION:** APL objects to this Interrogatory as premature. The Scheduling Order in this case, ECF No. 9, requires APL to make Rule 26(a)(2) disclosures on July 26, 2023. APL further objects to the Interrogatory because it seeks information and disclosures that exceed the requirements of Rule 26(a)(2). APL further objects to the Interrogatory as ambiguous as to what "whose duties regularly involve giving expert testimony" means. APL will provide the disclosures required pursuant to Rule 26(a)(2) within the timeframe designated in the Scheduling Order. APL further objects to this Interrogatory as duplicative of Interrogatory 3.

**ANSWER:** APL stands on its objections.

5. State with specificity all and any facts upon which you rely in support of your Thirteenth Defense claiming that Plaintiff's "*own acts or omissions caused or contributed to any alleged losses or injuries, including, but not limited to, her failure to comply with Defendant's reasonable, legitimate expectations and policies,*" identifying in your response the Plaintiff's alleged contibuting [sic] acts or omissions.

4

**OBJECTION:** APL objects to this Interrogatory as overbroad because it seeks the identity of "all and any facts," even those with only that would have no material bearing on this suit and would be unlikely to be relevant to the claims and defenses in the case. APL further objects to this Interrogatory as premature insofar as it seeks the identification of all facts APL may eventually rely upon to support prior to the close of discovery. APL will identify only those material facts supporting this defense of which it is currently aware.

**ANSWER:** On September 14, 2021, APL informed its employees of a change to its Vaccination Policy, which required that "every staff member must submit proof of at least the first dose of a vaccine by 15 October via the forthcoming Vaccination Verification System (VVS)… This policy will apply as a condition of employment to all staff, including not limited to full-time, part-time, temporary-on-call, new hires, interns, and remote workers. The only exceptions to the policy are those who have an approved reasonable accommodation from the Americans with Disabilities Act Coordinator for medical or religious reasons." Ms. Tarquinio did not become vaccinated prior to October 15 and she did not receive an approved reasonable accommodation from the Americans with Disabilities Act Coordinator for medical or religious reasons, thereby placing her in violation of APL's policy.

6.    State with specificity all and any facts upon which you rely in support of your Fifteenth Defense alleging that Plaintiff's "*claims are barred, in whole or in part, by the undue hardship doctrine of the Americans with Disabilities Act,*" including but not limited to identifying the exact hardships incurred, or which Defendant projected it would have incurred, should Plaintiff's Request for Accommodation filed pursuant to the ADA had been granted.

**OBJECTION:** APL objects to this Interrogatory as overbroad because it seeks the identity of "all and any facts," even those with only that would have no material bearing on this suit and

5

would be unlikely to be relevant to the claims and defenses in the case. APL will identify only those material facts supporting this defense. APL further objects to this Interrogatory as premature insofar as it seeks the identification of all facts APL may eventually rely upon to support prior to the close of discovery. APL will identify only those material facts supporting this defense of which it is currently aware.

**ANSWER:** APL determined that its employees would require a vaccine against COVID-19, a highly transmissible and deadly disease that was the source of a global pandemic. COVID-19 is a highly contagious and deadly virus, and there is ample evidence that those who are unvaccinated are substantially more likely to contract the virus, become seriously ill from the virus, and infect other individuals with the virus. Based on the evidence that unvaccinated individuals were more likely to transmit the deadly disease, APL could conclude that having unvaccinated individuals in its facilities posing a risk to its employees was an undue hardship.

7.     State with specificity any and all facts upon which you rely in support of your Thirteenth Defense alleging that "*Plaintiff's claims are barred, in whole or in part, by the direct threat doctrine of the Americans with Disabilities Act*," including but not limited to all medical knowledge upon which you relied in determining the existence of a direct threat, the duration of the risk of the direct threat, the nature and severity of the potential harm, and the determination of the imminence and likelihood and potential harm, and the determination of the imminence and likelihood that the potential harm would occur.

**OBJECTION:** APL objects to this Interrogatory as overbroad because it seeks the identity of "all and any facts," even those with only that would have no material bearing on this suit and would be unlikely to be relevant to the claims and defenses in the case. APL will identify only those material facts supporting this defense. APL further objects to this Interrogatory as premature

insofar as it seeks the identification of all facts APL may eventually rely upon to support prior to the close of discovery. APL will identify only those material facts supporting this defense of which it is currently aware.

**ANSWER:** Plaintiff refused to comply with APL's Vaccination Policy, would not execute a consent form permitting APL to communicate with her medical provider, was unwilling to provide additional documentation supporting her request for accommodation, and was ultimately not willing to receive a COVID-19 vaccine. COVID-19 is a highly contagious and deadly virus, and there is ample evidence that those who are unvaccinated are substantially more likely to contract the virus, become seriously ill from the virus, and infect other individuals with the virus.

8. State with specificity any and all facts upon which you rely in support of your Seventeenth Defense alleging "*Plaintiff's claims are barred in whole or in part, because Defendant fully engaged in the interactive process and Plaintiff's own conduct resulted in the breakdown of the interactive process*" including not limited to listing all former or current APL employees, agents or representatives who were engaged in the interactive process, and the specific conduct that allegedly resulted in the breakdown of the process.

**OBJECTION:** APL objects to this Interrogatory as overbroad because it seeks the identity of "all and any facts," even those with only that would have no material bearing on this suit and would be unlikely to be relevant to the claims and defenses in the case. APL will identify only those material facts supporting this defense. APL further objects to this Interrogatory as premature insofar as it seeks the identification of all facts APL may eventually rely upon to support prior to the close of discovery. APL will identify only those material facts supporting this defense of which it is currently aware.

7

**ANSWER:** In accordance with APL's updated Vaccination Policy, Ms. Tarquinio submitted a request for a medical accommodation to APL's Americans with Disabilities Act Coordinator. In response, APL asked Ms. Tarquinio for permission to contact her medical provider regarding her sought accommodation. Tarquinio declined to authorize APL to do so, thereby causing the breakdown of the interactive process.

9. List all former or current APL employees who were authorized, approved, directed, or otherwise provided the opportunity to work remotely either on a full-time or part-time basis between April, 2020 and the date of the filing of the Complaint, including the individual's name, address, telephone number, position at the time remote work was authorized or allowed, and reason why remote work opportunity was provided.

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege. APL objects to this Interrogatory as overbroad because it seeks the identity of "all former APL employees" who were authorized or permitted to work remotely for a three-year period of time and makes no effort to minimize the temporal scope to the time period relevant to Ms. Tarquinio's purported denial of a remote working arrangement. The burden of such identification is disproportional and would not provide information relevant to the claims or defenses in this case. The Interrogatory makes no effort to minimize the scope to only those who were permitted to work remotely as a result of a request for a medical accommodation or to any other reasonable subcategory with potential relevance to the claim. APL further objects to this Interrogatory because it seeks confidential information before the entry of an appropriate Protective Order in this case.

**ANSWER:** APL stands on its objections.

10.	List all former or current APL employees who submitted request for accommodation under either the Americans with Disabilities Act or exceptions based on religious beliefs and asking for exemption from the COVID-19 vaccination policy/requirements implemented by APL or as recommended by the Center for Disease Control or any other government entity, including the individual's name, address, telephone, and the outcome of the accommodation request, i.e., whether granted or denied by APL employees, agents representatives or other person so authorized.

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege. APL further objects to the Interrogatory as seeking irrelevant information to the extent it seeks the identification of individuals seeking religious allegations accommodations because there is no allegation or claim that Ms. Tarquinio made a religious based request for an accommodation. APL further objects to this Interrogatory because it seeks confidential information before the entry of an appropriate Protective Order in this case. Accordingly, APL will identify only those individuals who may have direct knowledge of material facts concerning the allegations the Complaint and any defense asserted thereto.

**ANSWER:** APL identifies individuals who sought a medical accommodation from the COVID-19 Vaccination Policy and whether the request was granted or denied in the spreadsheet attached as Exhibit A to these responses.

11.	List the names, positions, address and telephone number of all former or current APL employees, agents, associates, or representatives associated or connected in any way with internal processes of handling, adjudication, and final decision making of any requests for accommodation or exemption from the COVID-19 vaccination policy/requirement at any time

9

prior to the filing of the present Complaint, including but not limited to all persons, whether specifically tasked or not, involved in such processes regarding the Plaintiff's specific request for accommodation.

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege. APL further objects to this Interrogatory as overbroad because it is an impermissible "blockbuster" interrogatory that seeks the identify of "all former or current" APL employees, associates, or representatives associated or connected "in any way" with the process of handling COVID requests, even those with only minimal involvements that would have no material bearing on this suit and whose information would be unlikely to be relevant to the claims and defenses in the case. *See United States ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 77 (D.D.C. 2017). APL further objects that the Interrogatory seeks irrelevant information because it specifically requests the identification of such persons involved in *any* requests for accommodation, not just Plaintiff's request. APL further objects to this Interrogatory because it seeks personal, confidential information relating to nonparties to the case prior to the entry of a Protective Order in this case. Subject to these objections, APL will identify those individuals who were materially involved in the processing of Plaintiff's request for an accommodation, only.

**ANSWER:** In response, APL refers Plaintiff to its answer to Interrogatory 1, and identifies Dr. Clarence Lam; Ms. Shawn McGruder; Ms. Amy Billups, Ms. Raissa Kirk, Ms. Sally Tarquinio, and Dr. Dan Anna.

12. State as specifically as possible the date between April, 2020 and Plaintiff's employment termination date that you determined that Plaintiff posed a "direct threat" or risked

10

harming other employees (as those terms are used in the direct threat doctrine of the Americas with Disabilities Act and as alleged in the Thirteenth Defense in your Answer).

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), APL is producing documents responsive to this Interrogatory that show the evaluation and decision making in processing Plaintiff's accommodation request.

13.  If you contend that Plaintiff posed a "direct threat" or created a risk of harm to other employees (as those terms are used in the direct threat doctrine of the Americans with Disabilities Act) between April, 2020, and December 7, 2021, state with specificity any and all facts upon which you rely and your reasoning in support thereof.

**OBJECTION:** APL objects to this Interrogatory because it seeks information protected by the work product doctrine and the attorney-client privilege. APL objects to this Interrogatory as overbroad because it seeks the identity of "all and any facts," even those with only that would have no material bearing on this suit and would be unlikely to be relevant to the claims and defenses in the case. APL will identify only those material facts supporting this defense. APL further objects to this Interrogatory as premature insofar as it seeks the identification of all facts APL may eventually rely upon to support prior to the close of discovery.

**ANSWER:** Plaintiff refused to comply with APL's Vaccination Policy, would not execute a consent form permitting APL to communicate with her medical provider, was unwilling to provide additional documentation supporting her request for accommodation, and was ultimately not willing to receive a COVID-19 vaccine. COVID-19 is a highly contagious and deadly virus,

11

and there is ample evidence that those who are unvaccinated are substantially more likely to contract the virus, become seriously ill from the virus, and infect other individuals with the virus.

14. State with specificity any and all safety measures taken by Defendant APL at its facility where Plaintiff was employed and between April, 2020 and December 7, 2021, that were meant to stop, prevent, or slow the spread of COVID in the workplace, including but not limiting in your response any of the following if implemented: heightened sanitation measures, granting remote or telephonic work to employees, physical distancing measures, masking requirements.

**OBJECTION:** APL objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant to the allegations in the Complaint or defenses in the Answer. The Interrogatory seeks "any and all" safety measures taken to combat COVID-19. As with most businesses, the global pandemic required a myriad of measures to combat COVID-19 and make the workplace safe. The burden of listing all "safety measures" taken would be impossible, and the burden disproportional, specifically since only a few of those measures could conceivably relate to the allegations in the Complaint.

**ANSWER**: Pursuant to Fed. R. Civ. P. 33(d), APL will produce documents responsive to this Interrogatory that directly speak to changes to APL policies made to increase safety in response to COVID-19.

Dated:  June 21, 2023                                  Respectfully submitted,

                            **JACKSON LEWIS P.C.**

By:   */s/ Jeremy S. Schneider*
      Jeremy S. Schneider (MD Bar No. 14104)
      Jason A. Ross (MD Bar No. 30423)
      10701 Parkridge Blvd., Suite 300
      Reston, Virginia 20191
      Telephone: (703) 483-8300
      Fax: (703) 483-8301
      Jeremy.Schneider@jacksonlewis.com
      Jason.Ross@jacksonlewis.com

*Counsel for Defendant Johns Hopkins University Applied Physics Laboratory*

## **VERIFICATION**

I swear that the answers to the foregoing Interrogatories are true to the best of my knowledge and belief. While I do not have personal knowledge of the accuracy and truthfulness of all of the answers, I have conducted a reasonable investigation and supplied these answers on behalf of Johns Hopkins University Applied Physics Lab. Therefore, to the best of my knowledge and belief and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

June  21  , 2023                             Respectfully submitted,

                                             Shawn S. McGruder
                                             Digitally signed by Shawn S. McGruder
                                             Date: 2023.06.21 13:20:14 -04'00'
                                    By: _____

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of June, 2023, I served a copy of the foregoing document upon the undersigned via electronic mail:

Marc D. Schifanelli
PO Box 1023
Stevensville, MD 21666
marc@schiflaw.com

*Counsel for Plaintiff*

                                                  */s/ Jeremy S. Schneider*

# Exhibit A

| Last Name | First Name | Type of Accommodation | Accommodation Requested | Status |
|---|---|---|---|---|
| P | J | Medical | COVID Vaccination Exemption | GRANTED |
| S | M | Medical | COVID Vaccionation Exemption | DENIED |
| S | M | Medical | COVID Vaccination Exemption | DENIED |
| F | S | Medical | COVID Vaccination Exemption | GRANTED through 9/6/22 |
| M | N | Medical | Tempoarary COVID Vaccine Exemption | DENIED |
| W | T | Medical | COVID Vaccination Exemption | GRANTED through 12/31/21 |
| S | J | Medical | COVID Vaccination Exemption and Work at Home | GRANTED |
| C | N | Medical | COVID Vaccination Exemption | DENIED |
| T | M | Medical | COVID Vaccination Exemption | DENIED |
| V | M | Medical | COVID Vaccination Exemption | GRANTED through 4/1/22 |
| S | K | Medical | COVID Vaccination Exemption | DENIED |
| M | E | Medical | COVID Vacdination Exemption | GRANTED through 12/31/21 |
| E | L | Medical | COVID Vaccination Exemption | GRANTED through 1/4/22 |
| R | M | Medical | COVID Vaccination Exemption | DENIED |
| W | D | Medical | COVID Vaccination Exemption | GRANTED |
| K | J | Medical | COVID Vaccination Exemption | GRANTED |
| P | N | Medical | COVID Vaccination Exemption | GRANTED through 4/1/22 |
| G | B | Medical | COVID Vaccination Exemption | DENIED |
| Z | E | Medical | COVID Vaccination Exemption | GRANTED |
| N | A | Medical | COVID Vaccionation Exemption | DENIED |
| Tarquinio | Sally | Medical | COVID Vaccination Exemption | DENIED |
| C | M | Medical | COVID Vaccination Exemption | GRANTED |
| M | F | Medical | COVID Vaccination Exemption | DENIED |
| B | M | Medical | Exemption from Second COVID Vax Shot | GRANTED |
| T | D | Medical | COVID Vaccination Exemption | DENIED |
| E | E | Medical | COVID Vaccination Exemption | DENIED |
| S | J | Medical | COVID Vaccination Exemption | GRANTED |
| G | B | Medical | COVID Vaccination Exemption | DENIED |
| C | K | Medical | Vax Medical Exemption | GRANTED |